IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LAZAR Z. ATANASSOV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 06-00689-CV-W-REL |
| | ) |
| MICHAEL CHERTOFF, SECRETARY OF THE, | ) |
| DEPARTMENT OF HOMELAND SECURITY, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the court is Defendants' Motion to Dismiss (Doc. No. 15). Defendant moves the court to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. For the following reasons, Defendant's motion is granted.

On August 21, 2006, Plaintiff filed a *pro se* Petition for Hearing on Naturalization Application Under 8 U.S.C. § 1447(b) (Doc. No. 2). In the petition, Plaintiff alleged that Defendants failed to timely adjudicate his naturalization application and requested the court either adjudicate the application or order Defendants to do so immediately.

Defendants filed the instant motion to dismiss on January 10, 2007 (Doc. No. 15). They stated Plaintiff's application for naturalization had been approved and informed the court that he was scheduled to participate in a citizenship oath ceremony. Plaintiff did not file a response. On February 15, 2007, Plaintiff was administered the oath and became a United States citizen. Because Plaintiff's claim is now moot, this court no longer has jurisdiction. See Hickman v. State of Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998)(quoting Neighborhood Transp. Network, Inc. v. Pena,

1

42 F.3d 1169, 1172 (8th Cir. 1994))("When a case . . . no longer presents an actual, ongoing case or controversy, the case is moot and the federal court no longer has jurisdiction to hear it.").

It is therefore

ORDERED that Defendants' Motion to Dismiss is granted.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
February 16, 2007